## ROBERTS vs. RODES.

APPEAL from the court of the sixth district.

Motions for new trials are always addressed to the legal discretion of the court.

In the action of redhibition, the thing purchased is returned, and the buyer gets back what he gave for it.

PORTER, J. delivered the opinion of the court.

This is a redhibitory action. The plaintiff states that he gave in exchange for the slave, which forms the subject of the present suit, and two others, a house and lot, situated in the town of Natchitoches; that one of these negros called Eliza, was, at the time of the contract, afflicted with redhibitory defects, and subject

to an incurable disease, of which she died. He

also avers that the defendant knew of these defects at the time of sale.

The action was commenced by attachment, and by citation on the agent or attorney in fact, of Rodes, who was stated to be absent from the state. The attorney appointed to defend him pleaded, that the case was not one which could be commenced by attachment; that the facts alleged in the petition were not true; and that the action was barred by prescription.

The service of the petition on the agent of the defendant, whose authority was not disputed in the court below, renders it unnecessary for us to examine whether this was a case which could be legally instituted by way of attachment.

The evidence spread on the record, fully authorises the verdict which the jury rendered in favor of the plaintiff, and we are of opinion the district judge did not err in refusing a new trial. Motions of this kind are ever addressed to the sound legal discretion of the court, and they should never be granted, unless the application discloses matter sufficient to render it probable that justice has not been done, and

that a re-examination would vary the result.
That which the defendant swore to here, would
not in our opinion, have produced any such
consequence, opposed to the strong testimony
which established on the trial the justice of the
plaintiff's pretensions.

But the disposal of the questions raised in
argument, brings us to what we consider the
greatest difficulty which the case presents.
We have already seen that this action is insti-
tuted on a contract of exchange, by which a
house and lot were given for three slaves. The
judgment of the district court is, that the plain-
tiff recover of the defendant, the sum of six
six hundred and fifty dollars in money. This
is not rescinding a contract of *exchange*, but a
contract of *sale;* or in other words, a different
contract from that which the parties entered
into. Redhibition, according to our code, is
the cancelling of the sale on account of some
defect in the thing sold, such as may be suffi-
cient to oblige the seller to take it back again,
and have the sale annulled. *C. Code*, 356, *art.* 65.
Were there no other provision in our law but
this, it would necessarily follow, that in an-
nulling the contract, the parties should be re-
placed in their original position; the plaintiff

giving back what he originally received, and getting in return what he had given for it. A reference to other works of authority places the subject beyond any doubt.

"*Redhibitoria es bolver la cosa comprada, el comprador al vendedor, y el bolverse el precio que dio por ella. Curia Philip. lib. cap.* 13, *nos. Verbo Redhibitoria.*" The price given here was not money, but a house and lot; or, strictly speaking, there was no price, for the contract was not one of sale.

Pothier treats of this subject with his usual accuracy, and gives the most satisfactory information on the point now under discussion: "L'acheteur (he says,) est en droit de demander par l'action redhibitoire la résolution et nullité du marché *et qu'en consequence les choses soient remises en meme etat que s'il n'etoit pas intervenu.*" Pothier, *traite du contrat, de vente, no.* 217. In support of this doctrine, he cites the Digest, *liv.* 22, *tit.* 1, *l.* 23 & 60.

There is some difficulty in applying these principles to the case, as only one of the slaves is afflicted with redhibitory defects, and the property given in exchange was a house and lot, which most probably is not susceptible of such division as would enable a portion pre-

cisely equal to the value of the property now sued for to be returned. By law, the vendee, who acquires several slaves by one contract, is not permitted to annull the whole contract for a defect in a part of the objects purchased. 6 *Martin*, 689. This rule, however *of necessity*, yields to cases where, from the nature of the agreement, a partial recision cannot take place, and there is the same necessity that the vendee should exercise it for the whole. For there is no other way that the parties can be replaced in their original position, or that the thing given as a consideration can be restored.

The pleadings and evidence do not enable us to give final judgment according to the view we entertain of the legal rights of the parties. We think the cause should be remanded for a new trial.

It is therefore ordered, adjudged and decreed, that the judgement of the district court be annulled, avoided and reversed, that the cause be remanded for a new trial, and that the appellee pay the costs of appeal.

*Bullard* & *Holkam* for the plaintiff, *Rost* for the defendant.